**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, AS SUBROGEE OF LAWRENCE F. DOOLING AND BARBARA A. DOOLING,** | Civil Action No.<br><br>**COMPLAINT** |
| **Plaintiff,** | |
| -against- | **JURY TRIAL DEMANDED** |
| **LONG ISLAND POWER AUTHORITY, NATIONAL GRID, JOHN DOES 1-10, and XYZ ENTITIES 1-10,** | |
| **Defendants** | |

NOW COMES Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of Lawrence F. Dooling and Barbara A. Dooling, by and through its undersigned counsel, NELSON LEVINE de LUCA & HAMILTON, LLC, and hereby demands judgment against Defendants, LONG ISLAND POWER AUTHORITY, and NATIONAL GRID, and in support thereof alleges as follows, upon information and belief:

**PARTIES**

1. Plaintiff, Allstate Insurance Company (hereinafter "Allstate"), is an Illinois Insurance Company, with its principal place of business located at 2775 Sanders Road, Northbrook, IL 60062 and at all times relevant hereto, was authorized to issue policies of insurance within the State of New York. Plaintiff's insureds, Lawrence F. Dooling and Barbara A. Dooling ("Doolings"), are adult individuals who at all times relevant hereto owned real and personal property at 3 Foxboro Road Hampton Bays, New York.

2. Defendant, LONG ISLAND POWER AUTHORITY ("LIPA"), is a public utility company and/or a municipal subdivision of the State of New York organized and existing under the laws of the State of New York, with a principal office located at 333 Earle

Ovington Boulevard, Suite 403, Uniondale, New York 11553, and at all times relevant hereto was in the business of generating, distributing, transmitting and supplying electric power to customers in the State of New York. At relevant times LIPA also owned the means of generating, distributing, transmitting and supplying electric power to customers in the State of New York.

3. Defendant, NATIONAL GRID, is and/or at all relevant times was, a company authorized to conduct business under the laws of the State of New York, with a principal office located at 175 East Old Country Road, Hicksville, New York 11801, and at all times relevant hereto was in the business of generating, distributing, transmitting and supplying electric power to customers in the State of New York. At relevant times National Grid managed, operated and/or owned the means of generating, distributing, transmitting and supplying electric power to customers in the State of New York.

4. Defendants, JOHN DOES 1-10, are individuals, contractors, subcontactors, and/or agents of LIPA and/or National Grid, who at times relevant hereto acted on behalf of, at the direction of, and/or under the control of LIPA, National Grid, and/or the fictitiously named XYZ Entities 1-10 described in the following paragraph.

5. Defendants, XYZ ENTITIES 1-10, are corporations, limited liability companies, partnerships, limited partnerships, enterprises, organizations, and/or entities of any kind, who provided services to, for, and/or on behalf of LIPA and/or National Grid, as contractors, subcontractors, agents, and/or in any other capacity as related to the facts and circumstances underlying the within litigation.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). The matter in controversy is, exclusive of interest and costs, greater than Two Hundred Thousand Dollars ($200,000.00) and there is diversity of citizenship between plaintiff and defendants.

7. Venue in this action is in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as the claim arose in this District.

8. On January 23, 2013, in accordance with New York General Municipal Law §§ 50-E and 50-I, Plaintiff Allstate served Defendants LIPA and National Grid individually with a duly conforming Notice of Claim, apprising these defendants of the within claim, and demanding adjustment thereof. More than thirty (30) days have elapsed since service of the Notice of Claim was effectuated, and the defendants have neglected or otherwise failed to adjust Plaintiff's claim.

## GENERAL ALLEGATIONS

9. Prior to October 30, 2012, Allstate issued a policy of insurance to the Doolings with a policy number #000043848028 ("policy"), which provided insurance coverage for the real and personal property located at 3 Foxboro Road Hampton Bays, New York ("subject property").

10. At all times relevant hereto, LIPA acted by and through its employees, agents, servants and workmen, each of whom was acting in the course of his or her employment within the scope of his or her authority, subject to the control and direction, and for the benefit of his or her respective principal and employer, the defendant herein.

11. At all times relevant hereto, National Grid acted by and through its employees, agents, servants and workmen, each of whom was acting in the course of his or her

employment within the scope of his or her authority, subject to the control and direction, and for the benefit of his or her respective principal and employer, the defendant herein.

12. Upon information and belief, at all times relevant hereto, John Does 1-10 and XYZ Entities 1-10 acted by and through their employees, agents, servants and workmen, each of whom was acting in the course of his or her employment within the scope of his or her authority, subject to the control and direction, and for the benefit of his or her respective principal and employer, the defendant herein.

13. At all times relevant hereto, it was LIPA's duty and obligation to generate, distribute, transmit and supply electricity to its customers, including the Doolings, in a safe and proper manner.

14. At all times relevant hereto, it was National Grid's duty and obligation to generate, distribute, transmit and supply electricity to its customers, including the Doolings, in a safe and proper manner.

15. Upon information and belief, it was John Does 1-10 and XYZ Entities' 1-10, duty and obligation to perform certain services and/or acts in a safe and proper manner so as to facilitate the generation, distribution, transmission and supply of electricity to the Doolings, without negligently and carelessly causing the risk of damage to persons or property.

16. On or about October 30, 2012, LIPA, National Grid, John Does 1-10, and/or XYZ entities 1-10, failed to properly maintain, service and/or inspect electrical wires, power lines and appurtenant equipment that provided and/or supplied electricity to the subject property. Consequently there was an electrical malfunction that caused electrical short(s), and caused a fire at the subject property and damage to the Dooling's real and personal property.

17. Pursuant to the terms and conditions of the policy, Allstate made payments to its insured for real and personal property damages and related expenses in excess of $200,000.00.

18. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, Allstate is subrogated to the rights of its insureds.

19. Plaintiff's claims against LIPA arise from damage to real and personal property as a result of negligence and carelessness, which consisted of, among other things, the following: failure to install, operate and/or maintain the electric supply so as to safeguard persons and property; failure to maintain control over the system up to the service point to assure that the system is maintained to meet required standards; failure to maintain clearances and spacings between power lines and public and/or private property; failure to inspect lines and equipment; failure to prune and/or remove vegetation so as to maintain safe clearances to supply conductors; failure to operate in accordance with the National Electric Safety Code ("NESC"); and/or failure to restore power to the subject premises in a safe and reasonable manner.

20. Plaintiff's claims against National Grid arise from damage to real and personal property as a result of negligence and carelessness, which consisted of, among other things, the following: failure to install, operate and/or maintain the electric supply so as to safeguard persons and property; failure to maintain control over the system up to the service point to assure that the system is maintained to meet required standards; failure to maintain clearances and spacings between power lines and public and/or private property; failure to inspect lines and equipment; failure to prune and/or remove vegetation so as to maintain safe clearances to supply conductors; failure to operate in accordance with the National Electric Safety Code

("NESC"); and/or failure to restore power to the subject premises in a safe and reasonable manner.

21. Upon information and belief, plaintiff's claims against John Does 1-10 and/or XYZ Entities 1-10, arise from damage to real and personal property as a result of negligence and carelessness, which consisted of, among other things, the following: failure to install, operate and/or maintain the electric supply so as to safeguard persons and property; failure to maintain control over the system up to the service point to assure that the system is maintained to meet required standards; failure to maintain clearances and spacings between power lines and public and/or private property; failure to inspect lines and equipment; failure to prune and/or remove vegetation so as to maintain safe clearances to supply conductors; failure to operate in accordance with the National Electric Safety Code ("NESC"); and/or failure to restore power to the subject premises in a safe and reasonable manner.

## FIRST CAUSE OF ACTION
## NEGLIGENCE AGAINST LIPA

22. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth at length herein.

23. The aforesaid electrical malfunction(s) and the damages resulting therefrom were caused by the negligence, gross negligence, carelessness and negligent omissions and/or acts of LIPA, its agents, servants and/or employees acting within the scope of their employment in:

    (a)    failing to properly, adequately and safely supply electrical power and services to the subject property;

    (b)    failing to properly design, maintain, install and/or inspect power lines, wires and/or appurtenant equipment at, near, or related to the subject property;

6

 (c) failing to warn plaintiff's insureds of the danger or aforesaid potential for electrical malfunction which it knew or should have known might occur and create an unreasonable risk of harm to the property of plaintiff's insureds;

 (d) failing to take adequate and necessary precautions to prevent the electrical malfunction(s) which occurred at and/or near the subject property;

 (e) otherwise failing to use due care under the circumstances;

 (f) failing to operate in accordance with the National Electric Safety Code ("NESC");

 (g) failing to operate in accordance with the relevant and applicable statutes, codes, regulations, and/or other laws; and/or

 (h) failure to restore power to the subject premises in a safe and reasonable manner.

24. As a direct and proximate result of the aforesaid negligence, gross negligence, carelessness, negligent acts and/or omissions of LIPA, the aforementioned fire occurred causing substantial damage and destruction to real and personal property at the subject property as well as remediation, lodging, and related expenses.

25. Pursuant to the terms and conditions of the policy, Allstate made payments to its insureds for real and personal property damages as well as remediation, lodging and related expenses in excess of Three Hundred Sixteen Thousand, Seven Hundred Forty-Three Dollars and Eighteen Cents ($316,743.18).

WHEREFORE, Plaintiff, Allstate, demands judgment against LIPA - jointly, severally, or in the alternative with the other defendants – in an amount in excess of $316,743.18, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## NEGLIGENCE AGAINST NATIONAL GRID

26. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth at length herein.

27. The aforesaid electrical malfunction(s) and the damages resulting therefrom were caused by the negligence, gross negligence, carelessness and negligent omissions and/or acts of National Grid, its agents, servants and/or employees acting within the scope of their employment in:

    (a)    failing to properly, adequately and safely supply electrical power and services to the subject property;

    (b)    failing to properly design, maintain, install and/or inspect power lines, wires and/or appurtenant equipment at, near, or related to the subject property;

    (c)    failing to warn plaintiff's insureds of the danger or aforesaid potential for electrical malfunction which it knew or should have known might occur and create an unreasonable risk of harm to the property of plaintiff's insureds;

    (d)    failing to take adequate and necessary precautions to prevent the electrical malfunction(s) which occurred at and/or near the subject property;

    (e)    otherwise failing to use due care under the circumstances;

    (f)    failing to operate in accordance with the National Electric Safety Code ("NESC");

    (g)    failing to operate in accordance with the relevant and applicable statutes, codes, regulations, and/or other laws; and/or

    (h)    failure to restore power to the subject premises in a safe and reasonable manner.

28. As a direct and proximate result of the aforesaid negligence, gross negligence, carelessness, negligent acts and/or omissions of National Grid, the aforementioned fire

occurred causing substantial damage and destruction to real and personal property at the subject property as well as remediation, lodging, and related expenses.

29. Pursuant to the terms and conditions of the policy, Allstate made payments to its insureds for real and personal property damages as well as remediation, lodging and related expenses in excess of Three Hundred Sixteen Thousand, Seven Hundred Forty-Three Dollars and Eighteen Cents ($316,743.18).

WHEREFORE, Plaintiff, Allstate, demands judgment against National Grid- jointly, severally, or in the alternative with the other defendants – in an amount in excess of $316,743.18, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**NEGLIGENCE AGAINST JOHN DOES 1-10 AND XYZ ENTITIES 1-10**

30. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth at length herein.

31. Upon information and belief, the aforesaid electrical malfunction(s) and the damages resulting therefrom were caused by the negligence, gross negligence, carelessness and negligent omissions and/or acts of John Doe 1-10 and/or XYZ Entities 1-10, their agents, servants and/or employees acting within the scope of their employment in:

(a) failing to properly, adequately and safely supply electrical power and services to the subject property;

(b) failing to properly design, maintain, install and/or inspect power lines and wires and appurtenant equipment at, near, or related to the subject property;

(c) failing to warn plaintiff's insureds of the danger or aforesaid potential for electrical malfunction which it knew or should have known might

    occur and create an unreasonable risk of harm to the property of plaintiff's insureds;

(d) failing to take adequate and necessary precautions to prevent the electrical malfunction(s) which occurred at and/or near the subject property;

(e) otherwise failing to use due care under the circumstances;

(f) failing to operate in accordance with the National Electric Safety Code ("NESC");

(g) failing to operate in accordance with the relevant and applicable statutes, codes, regulations, and/or other laws; and/or

(h) failure to restore power to the subject premises in a safe and reasonable manner.

32. Upon information and belief, as a direct and proximate result of the aforesaid negligence, gross negligence, carelessness, negligent acts and/or omissions of John Doe 1-10 and/or XYZ Entities 1-10, the aforementioned fire occurred causing substantial damage and destruction to real and personal property at the subject property as well as remediation, lodging, and related expenses.

33. Pursuant to the terms and conditions of the policy, Allstate made payments to its insureds for real and personal property damages as well as remediation, lodging and related expenses in excess of Three Hundred Sixteen Thousand, Seven Hundred Forty-Three Dollars and Eighteen Cents ($316,743.18).

WHEREFORE, Plaintiff, Allstate, demands judgment against John Doe 1-10 and/or XYZ Entities 1-10, - jointly, severally, or in the alternative with the other defendants – in an amount in excess of $200,000.00, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of Lawrence F. Dooling and Barbara A. Dooling, demands judgment over and against Defendants LONG ISLAND POWER AUTHORITY, NATIONAL GRID, JOHN DOES 1-10, and XYZ ENTITIES 1-10, in the amount of not less than $316,743.18, plus pre- and post-judgment interest as allowed by law, together with the costs, disbursements and reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by a jury on all issues triable by right to a jury.

Dated: New York, New York
January 21, 2014

        Respectfully submitted,

        **NELSON LEVINE de LUCA & HAMILTON**

By: /s/ Jeffrey S. Matty
Jeffrey S. Matty (JM1403)
Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY, as Subrogee of Lawrence F. Dooling and Barbara A. Dooling
One Battery Park Plaza, 32nd Floor
New York, New York 10004
(212) 233-0130
jmatty@nldhlaw.com
NLdH File No.: 90310.000246