```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALLSTATE INSURANCE COMPANY as subrogee
of LAWRENCE F. DOOLING AND BARBARA A.
DOOLING,

                    Plaintiff,
                                            MEMORANDUM & ORDER
        -against-                           14-CV-0444(JS)(SIL)

LONG ISLAND POWER AUTHORITY, NATIONAL
GRID, and JOHN DOES 1-10 AND XYZ
ENTITIES 1-10,
                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jeffrey Scott Matty, Esq.
                    Nelson Levine de Luca & Hamilton, LLC
                    One Battery Park Plaza, 32nd Floor
                    New York, NY 10004

                    Philip A. Davolos, Esq.
                    Raymond E. Mack, Esq.
                    de Luca Levine LLC
                    100 Church Street, 8th Floor
                    New York, NY 10007

For Defendants:     Tina Alyse Yanover, Esq.
                    Wade Thomas Dempsey, Esq.
                    Hammill, O'Brien, Croutier, Dempsey,
                      Pender & Koehler,
                    6851 Jericho Turnpike, Suite 250
                    Syosset, NY 11791
```

SEYBERT, District Judge:

Plaintiff Allstate Insurance Company ("Allstate"), as subrogee of Lawrence and Barbara Dooling (the "Doolings"), brings this subrogation action against defendants Long Island Power Authority ("LIPA") and National Grid (collectively, "Defendants"), seeking to recoup insurance proceeds that Allstate paid to the

Doolings after they suffered property damage that Allstate contends was a result of Defendants' negligence. Presently before the Court is Allstate's motion to strike Defendants' affirmative defenses. (Docket Entry 13.) For the following reasons, Allstate's motion to strike is GRANTED IN PART and DENIED IN PART.

BACKGROUND

This diversity action arises out of an electrical fire that caused damage to the Doolings' real and personal property located in Hampton Bays, New York. Allstate, which insured the property, commenced this action against Defendants seeking to recoup insurance proceeds that Allstate paid to cover the damage. The Complaint alleges that Defendants negligently caused the electrical fire by failing to properly supply electricity to the property.

Defendants answered the Complaint and asserted the following affirmative defenses: (1) lack of subject matter jurisdiction ("First Affirmative Defense"); (2) contributory negligence ("Second Affirmative Defendant"); (3) that Defendants' liability for non-economic damages is limited under Article 16 of the New York Civil Practice Law and Rules, N.Y. C.P.L.R. §§ 1600-03 ("Third Affirmative Defense"); (4) failure to mitigate ("Fourth Affirmative Defense"); (5) spoliation of evidence ("Fifth Affirmative Defense"); (6) that Allstate's claims are barred by Leaf No. 27 of LIPA's Tariff ("Sixth Affirmative Defense"); and

2

(7) failure to comply with the notice of claim requirements of New York General Municipal Law §§ 50-e, 50-i and New York Public Authorities Law § 1020-y ("Seventh Affirmative Defense"). (Ans., Docket Entry 6, ¶¶ 14-20.) Allstate moves to strike all seven affirmative defenses. (Docket Entry 13.)

DISCUSSION

The Court will first set forth the legal standard on a motion to strike before turning to Allstate's motion more specifically.

I. Legal Standard

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Although "Rule 12(f) motion[s are] left to the district court's discretion," EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004), they are generally "disfavored and granted only if there is a strong reason to do so," Spiteri v. Russo, No. 12-CV-2780, 2013 WL 4806960, at *64 n.62 (E.D.N.Y. Sept. 7, 2013) (internal quotation marks and citation omitted). To prevail on a motion to strike an affirmative defense, the plaintiff must show that "'(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by

3

inclusion of the defense.'" Bernstein v. Mount Ararat Cemetery Inc., No. 11-CV-0068, 2012 WL 3887228, at *9 (E.D.N.Y. Sept. 7, 2012) (quoting Houston v. Manheim-New York, No. 09-CV-4544, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010)).

II. Allstate's Motion to Strike

Allstate initially urges the Court to strike all of Defendants' affirmative defenses because they are "bald conclusory assertions and Defendants have not alleged a single fact to support them." (Pl.'s Br., Docket Entry 13-1, at 7 (emphasis omitted).) This argument is easily dismissed. As this Court recently explained in a different case, Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses and it only requires a defendant to "affirmatively state" an affirmative defense. FED. R. CIV. P. 8(c). An affirmative defense need not meet the Iqbal/Twombly plausibility standard. See Sibley v. Choice Hotels Int'l, Inc., --- F. Supp. 3d ----, 2015 WL 149913, at *5-6 (E.D.N.Y. Jan. 7, 2015) (collecting cases). In fact, a defendant asserting an affirmative need not "plead any facts at all." Serby v. First Alert, Inc., 934 F. Supp. 2d 506, 516 (E.D.N.Y. 2013). Thus, a motion to strike is generally "determinable only after discovery and a hearing on the merits," and "[a] court may therefore strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them."

4

Id. (internal quotation marks and citation omitted). The Court will now address each affirmative defense more specifically.

A. First Affirmative Defense: Subject Matter Jurisdiction

The Court DENIES Allstate's request to strike Defendant's First Affirmative Defense of lack of subject matter jurisdiction. Subject matter jurisdiction may be raised at any time, even by the Court sua sponte. Thus, even if subject matter jurisdiction is not lacking in this case, striking this defense would accomplish nothing. See Brill v. Prudential-Bache Sec., Inc., No. 84-CV-0846, 1985 WL 8037, at *6 (S.D.N.Y. July 29, 1985) ("Since the subject matter jurisdiction of the court may be raised at any time, even by the court sua sponte, I do not understand what striking the defense would accomplish."); see also Raymond Weil, S.A. v. Theron, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.").

B. Second Affirmative Defense: Contributory Negligence

The Court also DENIES Allstate's request to strike Defendant's Second Affirmative Defense of contributory negligence. Under New York law, "'[i]t is the very essence of subrogation that a subrogee stands in the shoes of the subrogor and is entitled to all of the latter's rights, benefits and remedies.'" Liberty Mut. Ins. Co. v. N. Picco & Sons Contracting Co., No. 05-CV-0217, 2008

WL 190310, at *11 (S.D.N.Y. Jan. 16, 2008) (alteration in original) (quoting U.S. Fid. & Guar. Co. v. E.W. Smith Co., 46 N.Y.2d 498, 504, 387 N.E.2d 604, 605-06, 414 N.Y.S.2d 672, 674 (1979)). "Thus, a subrogee acquires all of the rights, defenses and remedies of the subrogor and is subject to any defenses or claims which may be raised against the subrogor." Id. (emphasis added). Here, if the Doolings negligently caused the fire at issue, Defendants could prevail on a contributory negligence defense as against Allstate. The request to strike this defense is therefore DENIED.

C. Third Affirmative Defense: Noneconomic Damages

The Court GRANTS Allstate's request to strike the Third Affirmative Defense, which alleges that Defendants' liability for noneconomic damages is limited under Article 16 of the New York Civil Practice Law and Rules, N.Y. C.P.L.R. §§ 1600-03. Because Allstate is not seeking noneconomic damages, this defense is inapplicable.

D. Fourth Affirmative Defense: Failure to Mitigate

The Court DENIES Allstate's request to strike Defendants' Fourth Affirmative Defense of failure to mitigate for the same reasons that the Court denied Allstate's request to strike Defendants' contributory negligence defense.

E. Fifth Affirmative Defense: Spoliation of Evidence

The Court GRANTS Allstate's request to strike Defendants' Fifth Affirmative Defense because spoliation of

evidence is not an affirmative defense: "[T]he spoliation rule does not prevent recovery by the plaintiff; it merely leads to the exclusion of evidence or to the admission of negative evidence." Sparta Ins. Co. v. Colareta, No. 13-CV-60579, 2013 WL 5588140, at *6 (S.D. Fla. Oct. 10, 2013) (citing Donohoe v. Am. Isuzu Motors, Inc., 155 F.R.D. 515, 520 (M.D. Pa. 1994)).

    F.    Sixth Affirmative Defense: Leaf No. 27 of LIPA's Tariff

Defendants' Sixth Affirmative Defense relies on Leaf No. 27 of LIPA's Tariff, which states in relevant part: "[LIPA] will not be liable . . . [f]or interrupted, irregular, defective, or failed service if the causes are beyond [LIPA's] control or are due to ordinary negligence of its employees or agents . . . ." (Davolos Decl., Docket Entry 13-2, Ex. H.) As explained below, this defense must be stricken because it is inapplicable here.

Under Sections 65 and 66 of the New York Public Service Law, utility companies file tariffs with the Public Service Commission (the "PSC"), which set forth the terms and conditions between the utility companies and their customers. See N.Y. PUB. SERV. LAW §§ 65-66. "Where . . . a public utility has a filed tariff" limiting its liability for ordinary negligence, "no liability will attach to the public utility unless it is found to be grossly negligent." Lockwood v. Niagara Mohawk Power Corp., 112 A.D.2d 495, 496, 491 N.Y.S.2d 211, 213 (3d Dep't 1985).

7

Here, Leaf No. 27 insulates LIPA from liability arising from "interrupted, irregular, defective, or failed service." However, in this case, Allstate seeks to hold LIPA liable for its negligent <u>supply of electricity</u>, not an "interrupted, irregular, defective, or failed service." Thus, Leaf No. 27 is not applicable here. Nonetheless, even if the language of Leaf No. 27 covered liability arising out of the supply of electricity, Section 281.1 of the PSC's regulations prohibits any such limitation of liability:

> Every gas corporation, electric corporation and gas and electric corporation shall, where necessary, amend its filed tariff schedules by eliminating therefrom:
>
> . . .
>
> (c) Provisions limiting the liability of the company for any damages resulting from the negligence of the company in connection with the <u>supplying or use of electricity</u> or gas or from the presence or operation of the company's structures, equipment, wires, pipes, appliances or devices on the consumer's premises.

N.Y. COMP. CODES R. & REGS. tit. 16, § 218.1 (emphasis added); see also <u>Bowen v. Niagara Mohawk Power Corp.</u>, 183 A.D.2d 293, 295, 590 N.Y.S.2d 628, 630 (4th Dep't 1992) ("[U]tility companies are not absolved from liability for ordinary negligence claimed as the result of the <u>supply or use of electricity</u>, as opposed to damages caused by the interruption of the supply of service." (alteration and emphasis in original) (internal quotation marks and citation

8

omitted)). Accordingly, Leaf No. 27 is not applicable to Allstate's claim that LIPA negligently supplied electricity. Allstate's request to strike the Sixth Affirmative Defense is therefore GRANTED.

G. Seventh Affirmative Defense: Notice of Claim

Defendants' Seventh Affirmative Defense alleges that Allstate failed to serve a notice of claim as required under New York General Municipal Law §§ 50-e, 50-i, and New York Public Authorities Law § 1020-y. Because Defendants have not responded to Allstate's arguments regarding this affirmative defense, the Court deems this defense abandoned. Jackson v. Odenat, No. 09-CV-5583, 2014 WL 1202745 (S.D.N.Y. Mar. 24, 2014) ("[A]lthough Plaintiffs challenged Defendants' . . . affirmative defenses in their moving papers, Defendants' response provides no evidence nor advances any arguments to support these defenses. The Court thus deems them abandoned."); Summit Health, Inc. v. APS Healthcare Bethesda, Inc., 993 F. Supp. 2d 379, 398 (S.D.N.Y. 2014) ("In light of Defendant's failure to respond to Plaintiff's motion with respect to duress, the Court deems that affirmative defense abandoned."). Accordingly, Allstate's request to strike the Seventh Affirmative Defense is GRANTED.

CONCLUSION

For the foregoing reasons, Allstate's motion to strike Defendants' affirmative defenses (Docket Entry 13) is GRANTED IN

9

PART and DENIED IN PART. The motion to strike is GRANTED with respect to the Third, Fifth, Sixth, and Seventh Affirmative Defenses. The motion is DENIED with respect to the First, Second, and Fourth Affirmative Defenses.

SO ORDERED.

/s JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February  27 , 2015
         Central Islip, NY