UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, AS
SUBROGEE OF LAWRENCE F. DOOLING
AND BARBARA A. DOOLING,

                      Plaintiff,                  **ORDER**

        -against-                              CV 14-444 (JS)(AYS)

LONG ISLAND POWER AUTHORITY,
NATIONAL GRID, JOHN DOES 1-10,
and XYZ ENTITIES 1-10,

                        Defendants.
---------------------------------------------------------X

**ANNE Y. SHIELDS, Magistrate Judge:**

      This is a subrogation action seeking to recover insurance proceeds paid after a fire that occurred on October 31, 2012, in the aftermath of Hurricane Sandy. The insureds who suffered the loss in the fire are Lawrence and Barbara Dooling ("the Doolings"). Allstate Insurance Company ("Plaintiff" or "Allstate"), as the Doolings' insurance agency, commenced this action against the Long Island Power Authority ("LIPA") and National Grid (collectively "Defendants" or the "Power Authority") alleging that Defendants' negligence caused the fire.

      In a Memorandum and Order dated May 26, 2015 (the "May 26 Order"), this court resolved a discovery dispute by requiring Allstate to produce its cause and origin electrical engineering file (the "Report"). See Docket Entry ("DE") 35. That decision, rendered after counsel were given the opportunity to submit letters and exhibits setting forth their respective discovery positions, rejected Allstate's claim that the Report was covered by the attorney work product privilege.

1

In the May 26 Order, the Court determined that Allstate did not meet its burden of showing privilege for several reasons including: (1) the nature of the report; (2) the types of documents insurers such as Allstate must create in the normal course of their business; (3) the temporal proximity between the fire and the inspection that formed the basis for the Report; (4) the date the report was authored, and (5) the lack of temporal proximity between the date of the inspection and the date this matter was commenced. In addition to discussing and relying on facts presented in exhibits, the May 26 Order cited and discussed applicable case law, and rejected Allstate's interpretation thereof. In addition to concluding the Report was not subject to the work product privilege, the Court also found that Defendants would suffer undue hardship in defending themselves without the Report, and that Defendants therefore established the need for its production.

Presently before the Court is Allstate's motion for reconsideration of the May 26 Order. For the reasons set forth below, the motion is denied.

## DISCUSSION

I.  Legal Standard

A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

Grounds for reconsideration may exist "where there has been 'an intervening change of controlling law,' new evidence has become available, or there is a 'need to correct a clear error or prevent manifest injustice.'" Fantastic Graphics, Inc. v. Hutchinson, No. 09-CV-2514, 2010 WL 475309, at * 2 (E.D.N.Y. Feb. 8, 2010) (quoting Virgin Atl. Airways, Ltd v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). The party seeking reconsideration may not, however, use the motion to raise new arguments, or to simply re-hash or re-argue those arguments that proved unsuccessful when presented as part of the original motion. See generally Fantastic Graphics, 2010 WL 475309, at * 2; United States v. Sessa, Nos. 92–CR–351 (ARR), 97–CV–2079 (ARR), 2011 WL 867175, at *1 (E.D.N.Y. Mar. 8, 2011) (stating "[A] motion for reconsideration is not an additional opportunity to reargue claims previously denied.").

II. Disposition: The Motion for Reconsideration is Denied

At the outset, the court rejects the argument that page limitations prevented Allstate from full presentation of its argument. In view of the fact that Allstate submitted a five page letter with twenty-two pages of exhibits (all of which were considered by the Court) it is in no position to argue that it was constrained by the two page limit that it chose to disregard.

Additionally, as set forth in greater detail below, after reviewing the various "facts" alleged to have been overlooked, the Court determines that none require that reconsideration be granted. Further, in view of the fact that there has been no change in controlling law, the Court declines to revisit and change its interpretation of that law as set forth in the May 26 Order.

A. Allstate Sets Forth No New Facts

Allstate points to several facts allegedly overlooked by this Court. None were so overlooked. First, Allstate alleges the date of the fire as a new fact. The May Decision recites the

3

date of the loss as stated by Allstate, and finds nothing overlooked with respect to that fact.

Allstate's motion also argues the allegedly overlooked "facts" that:

- LIPA made repairs to the Dooling property before the fire (presumably after power was lost)

- LIPA conducted its own cause and origin inspection which altered the premises prior to Allstate's inspection, and

- A power outage occurred hours before the fire at the Doolings' residence and that the Power Authority took restoration measures in response thereto.

The foregoing facts are in sharp dispute. In particular, the Power Authority vehemently denies the allegations as to any immediate post-fire inspection or altering of the fire scene. In any event, facts regarding the post-incident access to the Dooling property were known to the Court, and Allstate's current characterization of those same facts does nothing to change the court's decision as to the non-privileged nature of the Report.

Allstate also relies on the following "new" facts alleged to have been overlooked by the Court.

- witnesses observed the fire that caused the Doolings' loss.

- the Doolings were not home when the fire occurred.

These facts have nothing to do with the privilege issue decided in the May 29 Decision. In an apparent effort to continue to argue its characterization of the Report as privileged work product, Allstate states the following allegedly overlooked facts:

- An Allstate adjuster inspected the property within 48 hours of the claim being reported and determined coverage was afforded pursuant to the terms and conditions of the subject policy of insurance.

- The author of the Report was hired as a "forensic consultant."

4

- The author of the Report performed the November 5, 2012 inspection "at the direction of Allstate's CAT loss subrogation department and subrogation counsel."

The fact that an Allstate inspector visited the location on November 1, 2012 was a fact known to, and considered by the Court when evaluating the claim of privilege. While Allstate appears to argue that this early inspection conclusively determined that coverage was appropriate and any further inspection was therefore necessarily in anticipation of litigation is belied by documents before the Court. In particular, the inspector's notes indicate specifically that an engineer was required to visit the premises, and "return … to scope loss." DE 31-1 at 4. Thus, the documents before, and considered by the Court indicate that scope of the loss had yet to be determined.

The argument that Pflanz, the author of the allegedly privileged Report, was hired in anticipation of litigation and worked directly with subrogation counsel, was argued in Allstate's original brief. Allstate's current submission does nothing more than employ arguably stronger language to support its rejected claim of privilege. Having lost the motion when it characterized the Report's author as an "origin and cause expert," DE 33 at 1, Allstate now seeks to buttress its privilege argument by referring to Pflanz as a "forensic consultant." See DE 36-3 at 3. Either way, all facts relied upon regarding Pflanz's inspection were before the court in the original submission and considered when reaching the decision denying the claim of privilege.

As to the law, Allstate argues that the Court misapprehended the case law in that it has not conducted the requisite "fact-specific inquiry," which, according to Plaintiff, "requires a fact specific analysis with citation to affidavits or other documentary evidence." DE 36-3 at 11. Although a "fact-specific inquiry" could consist of testimony, affidavits or other documentary evidence, there is no requirement that the Court's analysis include citations to affidavits or other

documentary evidence. See Safeco Ins. Co. of Am. v. M.E.S., Inc., 289 F.R.D. 41, 47 (E.D.N.Y. 2011). The Court here considered facts by review of the exhibits presented. Those exhibits all support the holding that the Report is not privileged. No further extensive inquiry is or was necessary.

Finally, the Court rejects Allstate's attempt to reargue the application of Weber v. Paduano, No. 02 Civ. 3392 (GEL), 2003 WL 161340 (S.D.N.Y. Jan. 22, 2003) and Safeco Ins. Co. of America v. M.E.S., Inc., No. 09-CV-3312 (ARR), 2013 WL 1680684, *5 (E.D.N.Y. Apr. 17, 2013). Both cases were argued, considered and discussed in the May 29 Decision.

Upon review it is clear to the Court that Allstate's motion does nothing more than rehash the same arguments put forth in its original motion, offering neither new controlling law nor matters that the Court overlooked. There is thus no legal basis for overturning the May 26 Order.

## CONCLUSION

For the foregoing reasons, the motion docketed as DE 36, seeking reconsideration of the discovery decision contained in an order dated May 26, 2015, appearing at DE 35, is denied.

Dated: Central Islip, New York
July 15, 2015

                                                  /s/ Anne Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge